UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 16-12036-PBS

DJAMEL OUADANI, on behalf of himself and all others similarly situated,

    Plaintiff

v.

DYNAMEX OPERATIONS EAST, LLC,

    Defendant/Third Party Plaintiff

v.

SELWYN AND BIRTHA SHIPPING LLC,

Third-Party Defendant.

## ORDER GRANTING FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT

This matter came on for hearing on March 27, 2020, following the filing of Plaintiff's Assented-To Motion for Final Approval of Class Action Settlement (the "Motion for Final Approval"). Following hearing on the Motion for Final Approval, and the Court having considered all papers filed and proceedings had herein, and having reviewed the record in the above captioned matter,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of this proceeding and all parties in this proceeding, including all members of the Settlement Class.

2. The Court finds that the settlement memorialized in the Settlement Agreement and Release of Claims ("Settlement") is fair, reasonable, and adequate under Fed. R. Civ. P. 23 and meets all requirements for final approval. The Court hereby finally and unconditionally

1

approves and gives effect to the Settlement in its entirety. The Court finds that the terms and provisions of the Settlement have been entered into in good faith and are in the best interest of the Settlement Class and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, due process, and any other applicable law.

3. Class counsel shall have the authority and discretion to direct the allocation of distributions to members of the Settlement Class, and to resolve any disputes as to such distributions, in a manner that is consistent with the terms of the Settlement and with applicable law, and based on all reasonably available information.

4. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), the Court approves the content and distribution of the Notice package attached to the Motion for Final Approval as Exhibit 3. The Court finds that the content and distribution of such documents complied with Fed. R. Civ. P. 23 and due process.

5. Pursuant to Fed. R. Civ. P. 23(h)(3), the Court makes the following findings of fact and legal conclusions in connection with Class Counsel's request for fees and costs. The "common-fund" doctrine allows counsel to draw a reasonable fee as a percentage of the fund created by a settlement for the benefit of the class. *Boeing Co. v. VanGemert*, 444 U.S. 472, 478 (1980). As the First Circuit held, the "percentage of fund" approach offers distinctive advantages including: (1) it is less burdensome to administer; (2) it reduces the possibility of collateral disputes; (3) it enhances the efficiency throughout the litigation; (4) it is less taxing on judicial resources; and (5) it better approximates the workings of the marketplace. *In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995). For these reasons, the "use of the [percentage of fund] method in common fund cases is the prevailing praxis." *Id*. Indeed, there is a "clear consensus among federal and state courts" that the percentage

of fund approach is the more efficient, better reasoned, and effective method. *See, e.g., Archbold v. Wells Fargo Bank, N.A.*, 2015 U.S.Dist.LEXIS 92855, at *11 (S.D.W.Va. July 13, 2015) (citing a "clear consensus among federal and state courts…that the award of attorneys' fees in common fund cases should be based on a percentage of the recovery" because "the percentage of fund approach is the better-reasoned and more equitable method of determining attorneys' fees in such cases.").

Multiple considerations support approval of the requested award of fees and costs. First, the Settlement provides for a substantial award of money for the benefit of numerous members of the Settlement Class. Second, no member of the Settlement Class objected to the proposed award of fees and costs. Third, class counsel demonstrated resourcefulness, skill, efficiency, and determination in this case. *See In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 85-89 (D. Mass. 2005) (citing factors). Fourth, the amount of time spent on these matters has been substantial, as demonstrated by Class Counsel's lodestar, which totals at least $120,750 to date. Taking into account the additional time that class counsel has and will spend on settlement administration, the multiplier in this case is approximately 1.2 or less, which is well within the bounds of reasonableness for a class action. *See, e.g., Maley v. Del Global Techs. Corp*., 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (multiplier of 4.65); *In re Rite Aid Corp. Secs. Litig*., 146 F. Supp. 2d 706, 736 n.44 (E.D. Pa. 2001) (concluding that, under the cross-check approach, a lodestar multiplier in the range of 4.5 to 8.5 was "unquestionably reasonable"); *New Eng. Carpenters Health Benefits Fund v. First Databank*, 2009 U.S. Dist. LEXIS 68419, at *8 (D.Mass. Aug. 3, 2009) (Saris, J.) (awarding a fee representing a multiplier of approximately 8.3 times the lodestar). Finally, Class Counsel has incurred out-of-pocket expenses in the amount of $10,932.41 and expects to incur additional settlement administration expenses.

6. Settlement funds, totaling four hundred thousand dollars ($400,000.00), shall be distributed in accordance with the Settlement. More specifically:

    a. Plaintiff Djamel Ouadani shall receive an incentive payment of twenty-five thousand dollars ($25,000.00);

    b. Fair Work, P.C., shall receive payment for attorneys' fees in the amount of one hundred thirty-three thousand three hundred and thirty-three dollars ($133,333.00);

    c. Fair Work, P.C., shall receive payment for costs (including litigation costs and settlement administration costs) of ten thousand dollars ($10,000.00);

    d. The remaining settlement funds, totaling two hundred thirty-one thousand six hundred sixty-seven ($231,667.00) shall be distributed to the Settlement Class, in accordance with the Settlement; and

    e. In accordance with the Settlement, unclaimed settlement funds shall revert to a cy pres fund for the benefit of the Massachusetts IOLTA Committee.

7. Based on his filing of a timely opt-out notice, Ali Ennab is excluded from this case, will receive no money from the case, and will not be bound by any releases or judgments in the case. Otherwise, because no other member of the Settlement Class submitted a timely opt-out form, all other members of the Settlement Class shall be bound by the Settlement and this Order.

8. Without affecting the finality of this Order, the Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement and this Order. Class Counsel shall notify the Court when all settlement funds have been distributed.

9. This case and all released claims are otherwise dismissed on the merits, with prejudice, and with each party to bear its own costs, except as otherwise set forth in this Order.

IT IS SO ORDERED.

Dated: April 14, 2020

                                      /s/ PATTI B. SARIS
                                      Patti B. Saris
                                      United States District Judge